United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 30, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50745
Summary Calendar
_____

DIONICIO A. CRUZ,

                                        Petitioner-Appellant,

versus

TEXAS PAROLE DIVISION,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-02-CV-310
--------------------

Before JOLLY, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Dionicio A. Cruz, a Texas parolee, appeals the district court's denial of his 28 U.S.C. § 2254 petition, wherein he challenged the retroactive application of the State of Texas' Super Intensive Supervision Program ("SISP") as a condition of his parole. The district court granted Cruz a certificate of appealability on the issue whether SISP violates the Ex Post Facto Clause by subjecting Cruz to greater punishment on parole.

Cruz argues that: (1) he is entitled to the benefit of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

parole laws in effect at the time of his conviction and subsequent parole violation and (2) the retroactive application of SISP constitutes a violation of the Ex Post Facto Clause because the SISP provisions are more onerous than the former parole laws. He has also filed a motion for injunctive relief in this court.

Texas prisoners have no constitutional expectancy of parole. See Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). Thus, to the extent Cruz argues that he is entitled to the benefit of the parole laws that were in effect at the time of his state conviction and subsequent parole violation, he has not stated a violation of a constitutional right. See Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir. 1995).

To the extent that Cruz argues that SISP violates the Ex Post Facto Clause by increasing the punishment for his offense, his argument fails. The only SISP condition that Cruz specifically challenges on appeal is the State's use of electronic monitoring. In Vineyard v. Keesee, No. 95-10132 (5th Cir. Oct. 18, 1995) (unpublished), slip. op. at 3-5, this court held that changes in Texas parole laws imposing electronic monitoring, urinalysis, driving restrictions, and curfew did not constitute an ex post facto violation. In light of Vineyard, Cruz has not stated a violation of a constitutional right. See 5TH CIR. R. 47.5.3. Because Cruz has failed to establish a violation of his constitutional rights, he is not entitled to habeas relief. See Orellana, 65 F.3d at 31.

In his request for injunctive relief, Cruz seeks to enjoin the State from impeding his access to the law library.  In light of the disposition of this case, Cruz cannot make the showing required for obtaining an injunction because he cannot demonstrate a substantial likelihood of success on the merits.  See Lindsay v. City of San Antonio, 821 F.2d 1103, 1107 (5th Cir. 1987).

AFFIRMED; MOTION DENIED.